B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Faye L. Irey<br>129 Rosewood Dr.<br>Monongahela, PA 15063 | **DEFENDANTS**<br>Philip M. Ripepi<br>207 Orchard Court<br>Jefferson Hills, PA 15025<br><br>Ringold School District<br>c/o Portnoff Law Associates, Ltd.<br>PO Box 3020<br>Norristown, PA 19404<br><br>Washington County Tax Office<br>95 West Beau Street, Suite 525<br>Washington, PA 15301<br><br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346<br><br>PA Department of Revenue<br>Bankruptcy Division<br>PO Box 280946<br>Harrisburg, PA 17128-0946<br><br>Ronda J. Winnecour<br>Chapter 13 Trustee, W.D., P.A.<br>P.O. Box 84051<br>Chicago, IL 60689-4002<br><br>William G. Irey<br>c/o Candy Irey<br>6345 Hidden Dale Ave<br>Orlando, Fl. 32810-4113 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Christopher M. Frye 208402<br>Steidl & Steinberg, P.C.<br>707 Grant Street<br>Suite 2830- Gulf Tower<br>Pittsburgh, PA 15219-1908<br>412-391-8000 Fax: 412-391-0221 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☒ Other<br>☒ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

**<u>COMPLAINT TO SELL REAL ESTATE FREE AND CLEAR OF LIENS</u>**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan

**B1040 (FORM 1040) (12/15)**

| | | | |
|---|---|---|---|
| [ ] | 14-Recovery of money/property - other | [ ] | 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| | | [ ] | 65-Dischargeability - other |
| | **FRBP 7001(2) - Validity, Priority or Extent of Lien** | | |
| [ ] | 21-Validity, priority or extent of lien or other interest in property | | **FRBP 7001(7) - Injunctive Relief** |
| | | [ ] | 71-Injunctive relief - imposition of stay |
| | **FRBP 7001(3) - Approval of Sale of Property** | [ ] | 72-Injunctive relief - other |
| [X] | 31-Approval of sale of property of estate and of a co-owner - §363(h) | | **FRBP 7001(8) Subordination of Claim or Interest** |
| | **FRBP 7001(4) - Objection/Revocation of Discharge** | [ ] | 81-Subordination of claim or interest |
| [ ] | 41-Objection / revocation of discharge - §727(c),(d),(e) | | **FRBP 7001(9) Declaratory Judgment** |
| | **FRBP 7001(5) - Revocation of Confirmation** | [ ] | 91-Declaratory judgment |
| [ ] | 51-Revocation of confirmation | | **FRBP 7001(10) Determination of Removed Action** |
| | **FRBP 7001(6) - Dischargeability** | [ ] | 01-Determination of removed claim or cause |
| [ ] | 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | | **Other** |
| [ ] | 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | [ ] | SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.* |
| [ ] | 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | [ ] | 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| | **(continued next column)** | | |

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Faye L. Irey | | BANKRUPTCY CASE NO.<br>23-22230 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Pennsylvania | DIVISION OFFICE<br>Pittsburgh | NAME OF JUDGE<br>Gregory L. Taddonio | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Christopher M. Frye<br><br>/s/ Christopher M. Frye<br>Christopher M. Frye 208402 | | | |
| DATE<br>August 29, 2024 | Christopher M. Frye 208402 | | |

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| Faye L. Irey, | ) | Case No. 23-22230 GLT |
|    *Debtor(s)* | ) | Chapter 13 |
| | ) | Adversary Case No. |
| | ) | Docket No. |
| | ) | |
| | ) | |
| Faye L. Irey, | ) | |
|    *Plaintiff(s)* | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| Philip M. Ripepi, | ) | |
| Washington County Tax Claim Office, | ) | |
| Ringold School District, | ) | |
| Internal Revenue Service, | ) | |
| PA Department of Revenue, | ) | |
| Ronda J. Winnecour, Chapter 13 Trustee, | ) | |
|    *Defendants(s)* | ) | |

**COMPLAINT TO SELL REAL ESTATE FREE AND CLEAR OF LIENS**

AND NOW, come the Debtor, Faye L. Irey, by and through her attorney, Kenneth Steidl, and Steidl and Steinberg, Attorneys at Law, and respectfully represents as follows:

1. This is an action arising under or related to a case under Title 11, U.S.C.

2. Jurisdiction of the Court is based on 28 U.S.C. Section 171(a), (b) and (c). Venue is based on 28 U.S.C. Section 1473(a).

3. Faye L. Irey is the Debtor in the above-captioned proceeding and are the Movant in this motion.

4. Among the Debtor's assets is a parcel of real estate situated in Carroll Township, Washington County, Pennsylvania located on Van Voorhis Lane known as Parcel No. 130-006-00-00-0085-00, which is a 21-acre vacant lot.

5. The property is encumbered by taxes owed to the Washington County Tax Office in the approximate amount of $1,819.73. The amount is based on the proof of claim filed by Washington County Tax Office on October 25, 2023.

6.The property is encumbered by taxes owed to the Ringold School District in the approximate amount of $8,970.61. The amount is based on the proof of claim filed by Ringold School District on January 8, 2024.

7.The PA Department of Revenue has a tax lien against the Debtor in the amount of $11,253.15. The amount is based on the amended proof of claim filed by PA Department of Revenue on February 22, 2024.

8.The Internal Revenue Service has a tax lien against the Debtor in the amount of $41,718.31. The amount is based on the proof of claim filed by the Internal Revenue Service on November 13, 2023.

9.No realtor was appointed to market the property.

10.The Debtor and William G. Irey (Sellers) and Philip M. Ripepi (Buyer) have entered into an Agreement of Sale whereby the Debtor has agreed to sell, and the Buyer has agreed to buy the property.

11. The total purchase price for the real estate is $90,000.00.

12.The Debtor and William G. Irey (Sellers) shall retain the mineral rights and also shall retain the rights to receive all gas from previous lease.

13. A copy of the Agreement of Sale is attached hereto and labeled Exhibit "A".

14.The Buyer is a neighbor of the Debtor (Seller). Other than the proximity of the Buyer to the Seller, this is an arms length transaction.

15.The Debtor avers that the sale price is fair and reasonable under the circumstances but will welcome higher bids at the time of sale and confirmation.

16.The Debtor's counsel is seeking $2,025.00 in fees and expense reimbursement.

17.Attached hereto and labeled Exhibit "B", please find a copy of counsel's fee application.

18.The Debtor recommends that she be authorized to consummate the sale to the Buyer or to such other person as may make a higher offer at the hearing thereon.

WHEREFORE, the Debtor requests an Order of Court authorizing the sale of the property.

                                                                Respectfully submitted,

August 29, 2024                    /s/ Christopher M. Frye
DATE                                    Christopher M. Frye
                                              Attorney for the Debtor(s)
                                              STEIDL & STEINBERG
                                              Suite 2830 – Gulf Tower
                                              707 Grant Street
                                              Pittsburgh, PA  15219
                                              (412) 391-8000
                                              chris.frye@steidl-steinberg.com
                                              PA I. D. No.  208402