IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| Faye L. Irey, | ) | Case No. 23-22230 GLT |
|     *Debtor(s)* | ) | Chapter 13 |
| | ) | Adversary Case No. |
| | ) | Docket No. |
| | ) | |
| | ) | |
| Faye L. Irey, | ) | |
|     *Plaintiff(s)* | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| Philip M. Ripepi, | ) | |
| Washington County Tax Claim Office, | ) | |
| Ringold School District, | ) | |
| Internal Revenue Service, | ) | |
| PA Department of Revenue, | ) | |
| Ronda J. Winnecour, Chapter 13 Trustee, | ) | |
|     *Defendants(s)* | ) | |

### ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY
### FREE AND CLEAR OF LIENS

AND NOW, this _____, on consideration of the Debtor's Motion for Sale of Property Free and Clear of Liens to Philip M. Ripepi for $90,000.00, after hearing held in Courtroom A, 54th Floor, 600 Grant Street, Pittsburgh, PA, this date, the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said
Motion for private sale of real property free and divested of liens of the above-named Respondent, was effected on the following secured creditors whose liens are recited in said Motion for Private sale, viz:

**DATE OF SERVICE**     **NAME OF LIENOR AND SECURITY**

**Date of Issuance**     **Washington County Tax Office**
　　　　　　　　　　　　**95 West Beau Street, Suite 525**
　　　　　　　　　　　　**Washington, PA 15301**

| | |
|---|---|
| **Date of Issuance** | **Ringold School District**<br>**c/o Portnoff Law Associates, Ltd.**<br>**PO Box 3020**<br>**Norristown, PA 19404** |
| **Date of Issuance** | **Internal Revenue Service**<br>**PO Box 7346**<br>**Philadelphia, PA 19101-7346** |
| **Date of Issuance** | **PA Department of Revenue**<br>**Bankruptcy Division**<br>**PO Box 280946**<br>**Harrisburg, PA 17128-0946** |
| **Date of Issuance** | **Ronda J. Winnecour**<br>**Chapter 13 Trustee, W.D., P.A.**<br>**P.O. Box 84051**<br>**Chicago, IL 60689-4002** |

(2)     That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion.

(3)     That said sale hearing was duly advertised on the Court's website pursuant to *W.PA LBR 6004-1(c)(2)* on August 29, 2024, in the Tribune Review on _____ and in the Washington County Legal Journal on _____, as shown by the Proof of Publications that are to be duly filed.

(4)     That at the sale hearing the highest/best offer received was that of the above Buyers and no objections to the sale were made which would result in cancellation of said sale.
(5)     That the price of $90,000.00 offered by Philip M. Ripepi was a full and fair price for the property in question.

(6)     The Sellers shall retain the mineral rights and also shall retain the rights to receive all gas from previous lease.

(7)  That the Buyer has acted in good faith with respect to the within sale in accordance with In re Abbotts Dairies of Pennsylvania, Inc., 788 F2d.143 (*3d Cir. 1986).

    Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED,** that the sale by Special Warranty deed of the real property described as Parcel No. 130-006-00-00-0085-00 in

Washington County is hereby **CONFIRMED** to Philip M. Ripepi for $90,000.00 free and divested of the above recited liens and claims, and, that the Movants are authorized to make, execute and deliver to the Buyer above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

IT IS FURTHER ORDERED, that the above recited liens and claims, be, and they hereby, are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1)   The following liens(s)/claim(s) and amounts; Washington County Tax Office in the approximate amount of $1,819.73, Ringgold School District in the approximate amount of $8,970.61. **It is the responsibility of the closing agent to obtain the exact pay-off amount for each lien holder prior to closing date;**

(2)   Delinquent real estate taxes and municipal fees, if any;

(3)   Current real estate taxes, pro-rated to the date of closing;

(4)   Normal closing costs including title search, legal fees, revenue stamps, and any other normal and necessary closing costs;

(5)   One-half of the net proceeds after payment of the above-referenced items shall be paid to Defendant/co-owner William G. Irey;

(6)   Chapter 13 Trustee "percentage fees" in the amount of $_____ payable to "*Ronda J. Winnecour, Ch. 13 Trustee, P. O. Box 2587, Pittsburgh, PA 15230*";

(7)   The costs of local newspaper advertising in the amount of $_____ payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(8)   The costs of legal journal advertising in the amount of $2,025.00 payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(9)   The Court approved attorney fees in the amount of $_____payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(10)  The "net proceeds" from the closing as identified on the HUD-1 to be paid to the Internal Revenue Service pursuant to tax liens filed and Proof of Claim No. 7-2.;

FURTHER ORDERED that:

(1)   *Within seven (7) days of the date of this Order,* the Movants/Plaintiffs shall serve a copy of the within *Order* on each Respondents/Defendants (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney of the Debtors, the Closing Agent, the Buyers, and the attorney for the Buyers, if any, ad file a certificate of service.

(2)   *Closing shall occur within ninety (90) days of this Order.*

(3)     **Within seven (7) days following closing,** the Movants/Plaintiffs shall file a **Report of Sale** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4)     This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

_____
Honorable Gregory L. Taddonio
United States Bankruptcy Judge